IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT COURT OF OKLAHOMA

| | |
|---|---|
| ROBERT JACKSON and MARY HAZELDINE, a/k/a MARY JACKSON, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOSEPH TRAINOR SCHOGGINS; USAA CASUALTY INSURANCE COMPANY; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, )<br><br>Defendants. ) | No. 17-CV-_196-RAW_<br><br>Honorable _Ronald A. White_ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Eastern District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Pittsburg County, Oklahoma, in which court this case is pending, to the United States District Court for the Eastern District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1.  Plaintiff commenced this action by filing the Petition in the District Court of Pittsburg County, on November 9, 2016.

2. The Petition made allegations of negligence against Defendant Joseph Trainor Schoggins and allegations of breach of contract against Defendant USAA Casualty Insurance Company ("USAA") and Defendant State Farm.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a copy of all documents filed or served in the Pittsburg County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "6".**

4. On February 8, 2017, Plaintiffs dismissed with prejudice their claims against Defendant Joseph Trainor Schoggins.

5. On April 27, 2017, Plaintiff Robert Jackson dismissed with prejudice his claims against Defendant USAA.

6. Defendant State Farm was served via the Oklahoma Insurance Commissioner on May 5, 2017.

7. Defendant USAA was served via the Oklahoma Insurance Commissioner on May 5, 2017.

8. The only claims remaining are those of Plaintiff Mary Hazeldine, a/k/a Mary Jackson, against Defendant State Farm and Defendant USAA.

9. This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

10. As per 28 U.S.C. § 1446(b)(2)(A), Defendant USAA has advised undersigned counsel that they consent to the removal of this action. *See* Notice of Consent to Removal, attached as **Exhibit "7"**.

### Diversity Jurisdiction

11. Plaintiffs' claims against Defendant Joseph Trainor Schoggins were dismissed with prejudice on February 8, 2017. Plaintiff Robert Jackson's claims against Defendant USAA were dismissed with prejudice on April 27, 2017. Plaintiff Robert Jackson has not asserted a claim against Defendant State Farm. Thus, the only parties remaining in this action are Plaintiff Mary Hazeldine, a/k/a Mary Jackson, and Defendants USAA and State Farm.

12. At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff Mary Hazeldine, a/k/a Mary Jackson, was (and is) a resident and citizen of the State of Georgia.

13. USAA is a foreign insurance company incorporated in the State of Texas and its principal place of business is in the State of Texas. USAA is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be a Texas citizen for the purpose of diversity.

14. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do

business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

15. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and USAA and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Allegations and Claims in the Petition

16. According to Plaintiffs' Petition, the underlying lawsuit arises out an automobile accident involving Plaintiffs and Defendant Joseph Trainor Schoggins, which occurred on or about November 26, 2014. Plaintiffs were both passengers in a vehicle owned by Plaintiff Robert Jackson, but driven by non-party James Hazeldine. Plaintiff Mary Hazeldine, a/k/a Mary Jackson, had a policy of automobile insurance, 7363-379-11K, issued by State Farm, which contained a provision for uninsured/underinsured motorist coverage. Plaintiff contends the policy was in force at the time of the accident and further contends she is entitled to the uninsured/underinsured motorist coverage benefits.

17. At the time that suit was filed and up to this day, State Farm was continuing its investigation into Plaintiff Mary Hazeldine's claims and to date has not denied any UM/UIM payment due or owing to Plaintiff.

18. Plaintiff alleges that State Farm breached its contract with Plaintiff. This is denied by State Farm.

19. Defendant State Farm also contends that the rights, duties and obligations of the parties in this matter are determined by the State of Georgia.

**Amount in Controversy**

20. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a. Plaintiff Mary Hazeldine alleges State Farm breached the insurance contract with Plaintiff.

    b. Plaintiff Mary Hazeldine specifically states in her Petition that her damages are in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 (currently $75,000.00), plus costs, prejudgment and postjudgment interest, attorney's fees, and such further and other relief to which she may show herself entitled.

    c. Based on Plaintiff's allegations, prayer for recovery of actual damages, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, plus interest and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

21. While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).

22.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

23.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

24.     The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

25.     Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873.  State Farm and its counsel contend that the facts and reasons set forth above support removal.

26.     Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

27.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of Pittsburg County, Oklahoma.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **WILSON, CAIN & ACQUAVIVA** |
|  | 300 Northwest 13th Street, Suite 100 |
|  | Oklahoma City, Oklahoma  73103 |
|  | Telephone:  (405) 236-2600 |
| Date:  May 24, 2017 | Facsimile:    (405) 231-0062 |

 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

  __X__    I hereby certify that on the 24rd day of May, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kevin T. Sain
**SAIN LAW FIRM, P.C.**
P.O. Box 29
2100 E. Washington, Suite C
Idabel, OK 74745
kevin@sainlawfirm.com
**ATTORNEY FOR PLAINTIFFS**

 _____    I hereby certify that on the _____ day of _____, 2017, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.