IN THE DISTRICT COURT IN AND FOR PITTSBURG COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ROBERT JACKSON AND MARY HAZELDINE a/k/a MARY JACKSON, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No.: CJ-2016-252 |
| JOSEPH TRAINOR SCHOGGINS, ) USAA CASUALTY INSURANCE COMPANY ) and STATE FARM MUTUAL AUTOMOBILE ) INSURANCE COMPANY ) ) | |
| Defendants. ) | |

## PETITION

COMES NOW the Plaintiffs, ROBERT JACKSON AND MARY HAZELDINE A/K/A MARY JACKSON, by and through their attorney, Kevin T. Sain - Sain Law Firm P.C., and for their cause of action against the Defendants, JOSEPH TRAINOR SCHOGGINS, USAA CASUALTY INSURANCE COMPANY, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, allege and state as follows:

1. Defendant, JOSEPH TRAINOR SCHOGGINS, resides in McAlester, Pittsburg County, Oklahoma, and may be served with process at 1047 Daisy Road, McAlester, Oklahoma 74501.

2. Plaintiff, ROBERT JACKSON, is and was a resident of Statesboro, Bulloch County, Georgia, prior to the subject accident and continues to this date to reside in Statesboro, Bulloch County, Georgia.

3. Plaintiff, MARY HAZELDINE A/K/A MARY JACKSON is and was a resident of Statesboro, Bulloch County, Georgia, prior to the subject accident and continues to this date to reside in Statesboro, Bulloch County, Georgia.

1

4. The Defendant, USAA CASUALTY INSURANCE COMPANY, is now and at all times relevant to this cause of action was, a company organized and existing under the laws of the State of Texas. Said Defendant is authorized by the Oklahoma Insurance Commissioner and/or required regulatory agencies of the State of Oklahoma to transact business within the State of Oklahoma and may be served with process through the Oklahoma Insurance Commissioner.

5. The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is now and at all times relevant to this cause of action was, a company organized and existing under the laws of the State of Oklahoma. Said Defendant is authorized by the Oklahoma Insurance Commissioner and/or required regulatory agencies of the State of Oklahoma to transact business withing the State of Oklahoma and may be served with process through the Oklahoma Insurance Commissioner.

6. Venue is proper in Pittsburg County, Oklahoma because, among other reasons, all acts and occurrences, which are relevant to this action, specifically the motor vehicle accident which is the subject of this suit, occurred within the County of Pittsburg, State of Oklahoma.

7. On or about November 26, 2014, Plaintiffs, Robert Jackson and Mary Hazeldine a/k/a Mary Jackson were riding in a 2011 Ford Rav4 driven by James Hazeldine and owned by Robert Jackson. Defendant, Joseph Trainor Schoggins, was traveling Eastbound on US Hwy 270. Plaintiffs' vehicle was traveling Westbound on US Hwy 270 when Defendant's vehicle crossed the center line, overcorrected and returned to the Eastbound lane, overcorrected again and crossed back over into the Westbound lane, went into a broad slide and went into the path of the Plaintiffs' vehicle crashing

2

into them and causing the collision. Plaintiffs were covered under an uninsured/underinsured automobile policy through USAA Casualty Insurance Company. Further, Plaintiff Mary Hazeldine a/k/a Mary Jackson was covered under and uninsured/underinsured automobile policy through State Farm Mutual Insurance Company for her own automobile insurance coverage.

## FIRST CAUSE OF ACTION

8. Paragraphs 1 through 7 are incorporated by reference.

9. Plaintiffs state that their injuries were the direct result and proximately caused by the negligence of the Defendant, JOSEPH TRAINOR SCHOGGINS, in the following particulars, to-wit:

   A. Defendant failed to stay in his lane of travel and crossed the center line, striking the Plaintiff's vehicle, causing the collision;

   B. Defendant failed to keep a proper lookout;

   C. Defendant was not driving his vehicle in a manner that was reasonable and proper taking into consideration all of the circumstances and conditions then and there existing;

   D. Defendant drove his vehicle in a manner so that he did not maintain proper control thereof, given the road conditions at the time of the collision;

   E. Defendant is guilty of inattention and is guilty of careless driving;

   F. Defendant was operating his vehicle at a rate of speed too fast to enable him to stop in the safe and clear distance ahead;

   G. Defendant did not take proper evasive actions that could have avoided the collision.

10. At the time of impact, Plaintiffs were thrown about the interior of their vehicle and suffered personal injuries that are severe, permanent, painful and disabling in nature.

11. For their injuries, Plaintiffs have been required to seek medical treatment and will be required to seek medical treatment in the future. Plaintiffs have suffered mental anguish and physical pain and suffering from their injuries and they will suffer mental anguish, physical pain and suffering in the future. Due to the severity of their injuries, Plaintiffs have suffered loss of income because of their injuries. Plaintiffs also claim damages for loss of enjoyment of life. Plaintiffs have suffered past damages described herein and will suffer future damages described herein for which Plaintiffs claim total damages in an exact amount which will be proven at trial, but in excess of $75,000.00.

**WHEREFORE**, the Plaintiffs, ROBERT JACKSON and MARY HAZELDINE A/K/A MARY JACKSON, pray for judgment against the Defendant, JOSEPH TRAINER SCHOGGINS, in an amount in excess of $75,000.00, for their injuries, the exact amount of which will be ascertained and proven at trial, together with their costs, prejudgment and postjudgment interest at the highest rate allowed by applicable law, attorney fees and such further and other relief to which they may show themselves entitled.

### SECOND CAUSE OF ACTION

Paragraphs 1 through 11 are incorporated by reference.

12. At the time of the wreck on November 26, 2014, Plaintiffs were covered insureds under a policy of automobile insurance issued by USAA CASUALTY INSURANCE COMPANY, Policy No. <u>00543 87 26C 7106 1</u>, which provided coverage on Robert Jackson's automobile. The policy provided for underinsured motorist coverage in

the total amount of $300,000 per person and $500,000 per occurrence.

13. Upon further information and belief, the liability insurance proceeds of Defendant, JOSEPH TRAINOR SCHOGGINS, are insufficient to pay Plaintiffs' damages in full and Defendant is therefore an underinsured motorist as defined under the policy of automobile insurance issued by USAA CASUALTY INSURANCE COMPANY.

14. Plaintiffs will be legally entitled to recover from USAA CASUALTY INSURANCE COMPANY under the language of the underinsured motorist coverage in the policy once the liability limits of Defendant, JOSEPH TRAINOR SCHOGGINS, are exhausted.

WHEREFORE, the Plaintiffs, ROBERT JACKSON and MARY HAZELDINE A/K/A MARY JACKSON, pray for judgment against Defendant, USAA MUTUAL INSURANCE COMPANY, in an amount in excess of $75,000.00, for their injuries, the exact amount of which will be ascertained and proven at trial, together with their costs, prejudgment and postjudgment interest at the highest rate allowed by applicable law, attorney's fees, and such further and other relief to which they may show themselves entitled.

### THIRD CAUSE OF ACTION

15. Paragraphs 1 through 14 are incorporated by reference.

16. At the time of the wreck on November 26, 2014, Plaintiff, MARY HAZELDINE A/K/A MARY JACKSON was a covered insured under a policy of automobile insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Policy No. 736337911K, which provided coverage on her automobile. The policy provided for underinsured motorist coverage in the total amount of $250,000 per person and $500,000 per occurrence.

17. Upon further information and belief, the liability insurance proceeds of Defendant, JOSEPH TRAINOR SCHOGGINS, are insufficient to pay Plaintiff, MARY HAZELDINE A/K/A MARY JACKSON'S damages in full and Defendant is therefore an underinsured motorist as defined under the policy of automobile insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

18. Plaintiff, Mary Hazeldine a/k/a Mary Jackson, will be legally entitled to recover from STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY under the language of the underinsured motorist coverage in the policy once the liability limits of Defendant, JOSEPH TRAINOR SCHOGGINS, are exhausted.

WHEREFORE, the Plaintiff, MARY HAZELDINE A/K/A MARY JACKSON, prays for judgment against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in an amount in excess of $75,000.00, for her injuries, the exact amount of which will be ascertained and proven at trial, together with their costs, prejudgment and postjudgment interest at the highest rate allowed by applicable law, attorney's fees, and such further and other relief to which she may show herself entitled.

Respectfully submitted,

_____
Kevin T. Sain, O.B.A. # 17814
SAIN LAW FIRM, P.C.
P.O. Box 29
2100 E. Washington, Suite C
Idabel, OK 74745
(580) 208-2880
(580) 208-2886 FAX
Attorney for Plaintiffs

Jury Trial Demanded
Attorney Lien Claimed